## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 18-21053-CIV-GAYLES/LOUIS

**JEFFREY PETER DATTO, Ph.D,**

        **Plaintiff,**

v.

**ASSOCIATION OF AMERICAN
MEDICAL COLLEGES, et al.,**

        **Defendants.**      /
_____

### ORDER

**THIS CAUSE** comes before the Court on the Motion to Dismiss Amended Complaint by Defendant Association of American Medical Colleges ("AAMC") [ECF No. 76] and the Motion to Dismiss by Defendants the Ohio State University ("OSU"), the University of Central Florida ("UCF"), and the University of Miami ("UM") (collectively the "Served University Defendants") [ECF No. 92]. The action was referred to Magistrate Judge Lauren Fleischer Louis, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF Nos. 139, 140, 141]. Following a hearing on April 22, 2019, Judge Louis issued her report recommending that AAMC's Motion to Dismiss be granted and that the University Defendants' Motion to Dismiss be granted in part (the "Report") [ECF No. 168]. Plaintiff, UM, and UCF have all timely objected to the Report [ECF Nos. 173, 175, 176]. For the reasons that follow, the Court adopts the Report in part.

## BACKGROUND[1]

Plaintiff has filed an Amended Complaint alleging eight counts against thirteen Defendants.[2]  Plaintiff's claims stem from the rejection of his applications to medical school by twelve different universities (the "University Defendants").  In particular, Plaintiff contends that the University Defendants refused him admission because of his prior medical school experience at Thomas Jefferson University ("TJU"), his lawsuit against TJU, or because of his perceived disability of bipolar disorder.  Plaintiff also contends that AAMC, via its administration of the MCAT exam and application system utilized by the University Defendants, discriminated against him.

## DISCUSSION

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In her Report, Judge Louis found that: (1) the Amended Complaint is a shotgun pleading that fails to comply with Federal Rule of Civil Procedure 8; (2) the Amended Complaint fails to

---

[1]  The Court incorporates the Report's recitation of the factual and procedural background.

[2]  Five of the University Defendants—Florida Atlantic University Board of Trustees, University of Florida Board of Trustees, Florida State University Board of Trustees, University of South Florida Board of Trustees, and Florida International University Board of Trustees—have not been served, and therefore have not appeared in this action.  In addition, Plaintiff has settled with and voluntarily dismissed his claims against four of the University Defendants—Drexel University, Temple University, Geisinger Health System, and Loma Linda University.  AAMC and the University Defendants are collectively referred to as the Defendants.

adequately allege a basis for personal jurisdiction over AAMC and OSU; and (3) FCU's motion to dismiss for improper venue should be denied.  Because Judge Louis recommended leave to amend, she also considered each of Defendants' Rule 12(b)(6) arguments in an effort to provide Plaintiff with guidance should he choose to amend his claims.  The Court has conducted a *de novo* review of the record and the law and agrees, in part, with the Report's recommendations as set forth below.

## I.      Plaintiff's Amended Complaint Fails to Comply with Federal Rule of Civil Procedure 8.

The Court agrees with the Report's finding that the Amended Complaint fails to comply with Federal Rule of Civil Procedure 8.   Plaintiff applied to twenty different medical schools and received twenty different denials, yet alleges his claims against the Defendants collectively.  "This improper pleading method fails to give clear notice of the conduct for which each Defendant is being sued." *Fischer v. Fed. Nat'l Mortgage Assoc.*, 302 F. Supp. 3d 1327, 1334 (S.D. Fla. 2018). *See also Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011) (dismissing claims because "Plaintiff improperly lumps Defendants together in these claims despite that Defendants are separate and distinct legal entities" and explaining that a plaintiff "must treat each Defendant as a separate and distinct legal entity and delineate the conduct at issue as to each Defendant").   Therefore, the Amended Complaint must be dismissed without prejudice. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").[3]

---

[3] Because the Amended Complaint will be dismissed without prejudice under Rule 8, the Court will not rule on Defendants' 12(b)(6) arguments.  The Court notes, however, that it agrees with Judge Louis's well-reasoned analysis of the eight counts of Plaintiff's Amended Complaint.  Counts I (Breach of Contract), II (Discrimination under Title II of the ADA),

## II.      The Defendants Must Be Severed.

In their Motion to Dismiss, the Served University Defendants argue that Plaintiff's claims against all of the Defendants are improperly joined.  While the Court does not opine on whether Plaintiff's claims are properly joined under Federal Rule of Civil Procedure 20(a)(2),[4] it does find that severance under Federal Rule of Civil Procedure 21 is appropriate.[5]

Rule 21 provides that "the court may at any time, on just terms, add or drop a party . . . [and] may also sever any claim against a party."  Fed. R. Civ. P. 21.  "A district court has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness."  *Essex Ins. Co. v. Kart Const. Inc.*, 14-cv-356-T-23TGW, 2015 WL 628782, at *5 (M.D. Fla. Feb. 12, 2015).  Here, Plaintiff's difficulty in pleading one complaint against so many defendants highlights the need to sever Defendants.  Plaintiff applied to multiple medical schools, yet makes no allegation that those schools, aside from using AAMC's test and application, are connected or conspired to discriminate against him.   Indeed, Plaintiff alleges that after he applied to the University

---

III (Discrimination under Title III of the ADA), IV (Discrimination under the Rehab Act), and VII (Discrimination under the Florida Civil Rights Act) are deficient and any amended complaint would need additional allegations to support those claims.  Counts V (Retaliation under the ADA) and VI (Retaliation under the Rehab Act), while still subject to dismissal for failure to comply with Rule 8, adequately allege a claim under Rule 12(b)(6).  And Plaintiff should not attempt to replead Count VIII (Intentional Infliction of Emotional Distress) as he will not be able to allege facts that are "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Walton v. Johnson & Johnson Services, Inc.*, 203 F. Supp. 2d 1312, 1327 (M.D. Fla. 2002).  Plaintiff is cautioned to heed the guidance provided in the Report and this Order in any amended complaint.

[4] Pursuant to Federal Rule of Civil Procedure 20(a)(2), defendants may be joined in one action if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(2).  Because Plaintiff has failed to satisfy Federal Rule of Civil Procedure 8, the Court cannot ascertain at this time whether the claims against each Defendant arise out of the same transaction or occurrence and share common questions of law or fact.

[5] In his response to the University Defendant's Motion to Dismiss, Plaintiff, at times, appears to agree.  *See* [ECF No. 114 at 8] ("If anything, the Plaintiff would prefer having the case heard in several different Courts because he only needs to win against l Defendant in 1 Court to significantly change his life.").

4

Defendants' schools using the AAMC application, "[e]ach University Defendant then sent Plaintiff their own personal secondary application, which required a second and separate fee." [ECF No. 62, ¶ 93]. Plaintiff also alleges that some of the Defendants offered him an interview and others did not. *Id.* at ¶¶ 95-96. Moreover, during his third year of applying to medical schools, Plaintiff sent letters to each school, with the first paragraph of each letter "tailored towards why he wanted to attend each respective program." *Id.* at ¶ 105. As detailed by Plaintiff, the schools did not receive identical information. While the Court does not have insight into how and why each University Defendant made the decision to deny Plaintiff admission to its medical school, nothing in the Amended Complaint suggests that these were anything other than individualized decisions. As a result, the Court severs the Defendants in this action. Should Plaintiff seek to file amended claims against the Defendants, he should do so in separate actions in the proper venues, as discussed below.

## III.    The Court Does Not Have Personal Jurisdiction over AAMC and OSU.

The Court agrees with the Report's well-reasoned analysis finding that this Court has no personal jurisdiction over AAMC and OSU. Plaintiff does not specifically object to the Report's findings as to OSU. As a result, Plaintiff's action against OSU shall be dismissed without prejudice for lack of personal jurisdiction.

Plaintiff does, however, object to the dismissal of AAMC and asks the Court to transfer his claims against AAMC to the United States District Court for the District of Columbia. Pursuant to 28 U.S.C. § 1631, when a federal court finds that it lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." The Court finds that transfer of Plaintiff's action against AAMC to the District of Columbia is in the interest of justice.

**IV.    Plaintiff's Action against UCF Should Proceed in the Middle District of Florida.**

In the University Defendants' Motion to Dismiss, UCF argues that the Defendants were misjoined and that venue was improper for Plaintiff's claims against UCF.  In his response, Plaintiff repeatedly noted that he would be fine with dismissal of his claims against UCF without prejudice to be refiled in the Middle District of Florida should the Court find that Plaintiff's claims against the Defendants do not arise out of the same transaction or occurrence.  Having found that severance of the Defendants is appropriate, the Court also finds that Plaintiff's claims against UCF should proceed in the Middle District of Florida.

The Court notes that the Report recommended denying UCF's motion to dismiss based on improper venue.  While the Court agrees that Plaintiff's claims against UCF are not subject to dismissal based on improper venue, it does find that transfer of Plaintiff's action against UCF to the Middle District of Florida is appropriate.

The statute governing venue transfer, 28 U.S.C. § 1404(a), provides, in relevant part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."[6] This analysis requires a two-pronged inquiry. First, a court must determine whether the case may have been brought in the desired district of transfer. *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp.

---

[6] Generally, courts cannot *sua sponte* transfer or dismiss an action pursuant to § 1404 without notice to the parties. *See Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1336 (11th Cir. 2011) ("there is a "long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens,* as codified at 28 U.S.C. § 1404(a), but only so long as the parties are first given the opportunity to present their views on the issue.") (internal quotations omitted); *Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc.,* 432 F.3d 1343, 1345 (11th Cir. 2005) ("Moreover, we have previously made clear that while a district court may dismiss a suit *sua sponte* for lack of venue, it may not do so without first giving the parties an opportunity to present their views on the issue.") (internal quotations omitted).  Here, however, UCF moved to dismiss based on improper venue and discussed the private and public interest factors in its motion to dismiss.  Plaintiff was on notice of UCF's arguments regarding venue and had the opportunity to respond both in his response to the motion to dismiss [ECF Nos. 113 and 114] and his surreply [ECF No.147].

2d 1292, 1299 (S.D. Fla. 2002). There can be no dispute that this action could have been brought

in the Middle District of Florida.

"Once a court finds an action could have been brought in the transferee forum, the court

must weigh various factors . . . to determine if a transfer . . . is justified." *Elite Advantage, LLC v.*

*Trivest Fund, IV, L.P.*, No. 15-22146, 2015 WL 4982997, at *5 (S.D. Fla. Aug. 21, 2015) (citation

and internal quotation marks omitted). The Eleventh Circuit instructs that a district court should

consider the following list, albeit nonexhaustive, of private and public interest factors to determine

whether a transfer is appropriate:

> (1) the convenience of the witnesses; (2) the location of the relevant documents and
> the relative ease of access to sources of proof; (3) the convenience of the parties;
> (4) the locus of operative facts; (5) the availability of process to compel the attend-
> ance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's
> familiarity with the governing law; (8) the weight accorded a plaintiff's choice of
> forum; and (9) trial efficiency and the interests of justice, based on the totality of
> the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).  Here,

these factors weigh in favor of transfer.  The bulk of the witnesses and documents will be located

on FCU's campus, where admissions decisions are made. *See Filtalert v. IBM Corp.*, No. 15-22845,

2015 WL 9474640, at *2 (S.D. Fla. Dec. 29, 2015) ("The convenience of the witnesses is probably

the single most important factor in transfer analysis.") (quoting *In re Genentech, Inc.*, 566 F.3d

1338, 1343 (Fed. Cir. 2009)).   The Middle District of Florida is certainly familiar with the gov-

erning law.  Trial efficiency and the interest of justice favors transfer.  Indeed, as discussed above,

the Court is severing the Defendants.  As a result, there is no efficiency to be gained by trying

Plaintiff's action against UCF in the Southern District of Florida.  Finally, Plaintiff appears to

agree that he would not be inconvenienced by litigating his claims against FCU in the Middle

District of Florida.  *See* [ECF No. 114, at 8] ("Plaintiff would love to take a family trip to Orlando

and take his daughters to Disney World. Therefore, he does not mind having to file a separate case

in Orlando either."). Accordingly, Plaintiff's action against UCF shall be transferred to the Middle District of Florida.

**V.     The Unserved Defendants Must Be Dismissed.**

The Report recommends that any amended complaint be limited to claims against the defendants still in the case and should not include facts relating to the unserved or dismissed defendants. Plaintiff objects to this recommendation as to the unserved defendants and asks for additional time to serve them.

The claims against the Unserved Defendants shall be dismissed without prejudice as Plaintiff failed to timey serve them. And, as detailed above, the Court finds that Plaintiff's claims against each Defendant should be severed. Accordingly, should Plaintiff wish to pursue any claims he might have against the unserved Defendants, he must do so in separate actions filed in the appropriate jurisdictions.

<u>**CONCLUSION**</u>

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)     Judge Louis's Report and Recommendation [ECF No. 168] is **ADOPTED in PART**;

(2)     The Motion to Dismiss Amended Complaint by Association of American Medical Colleges ("AAMC") [ECF No. 76] and the Motion to Dismiss by Defendants the Ohio State University ("OSU"), the University of Central Florida ("UCF"), and the University of Miami ("UM") (collectively the "University Defendant") [ECF No. 92] are each granted in part as detailed below.

(3)     Plaintiff's Amended Complaint [ECF No. 62] is dismissed without prejudice, in its entirety, for failure to comply with Federal Rule of Civil Procedure 8.

(4)     Defendant OSU is dismissed without prejudice for lack of personal jurisdiction. Should Plaintiff seek to pursue any amended claims against OSU, he must file a new action in the appropriate jurisdiction.

(5)     Defendant AAMC is severed from this action.  The Clerk is directed to transfer Plaintiff's action, as against AAMC only, to the United States District Court for the District of Columbia.  Plaintiff shall notify the District Court for the District of Columbia whether he intends to file a second amended complaint against AAMC within ten (10) days of transfer.

(6)     Defendant UCF is severed from this action.  The Clerk is directed to transfer Plaintiff's action, as against UCF only, to the United States District Court for Middle District of Florida.  Plaintiff shall notify the District Court for the Middle District of Florida whether he intends to file a second amended complaint against UCF within ten (10) days of transfer.

(7)     The unserved and dismissed Defendants are severed from this action and dismissed without prejudice for failure to timely effectuate service.  Should Plaintiff wish to pursue any claims against the unserved Defendants, he must file new actions against them in an appropriate jurisdiction.

(8)     Within twenty (20) days of the date of this Order, Plaintiff shall file a second

amended complaint against UM, incorporating all of his claims against UM from

this action (Case No. 18-cv-21053) and the consolidated action (Case No. 19-

21812).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of August, 2019.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE